# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARGIE POLLARD, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV413-194 |
| THE MARSHES OF SKIDAWAY ISLAND, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Margie Pollard has filed an employment discrimination case against The Marshes of Skidaway Island, claiming that it terminated her employment based upon her race and disability. (Doc. 1.) She also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.) The Court **GRANTS** her motion to proceed IFP, but her case must be dismissed because it fails to survive screening under 28 U.S.C. 1915(e)(2)(B)(ii), which permits the Court to dismiss at the outset those complaints that fail to state a claim for relief.

Pollard has attached a right-to-sue letter from the EEOC dated

April 25, 2013. (Doc. 1 at 9.) But she did not file her complaint until August 21, 2013, 118 days later. She was required to file this case "within 90 days of receiving an EEOC notice of h[er] right to sue. 42 U.S.C. § 2000e–5(f)(1); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233–34 (11th Cir. 2002)." *Patel. v. Georgia Dep't of Behavioral Health*, 517 F. App'x 750, 752 (11th Cir. 2013). Since Pollard filed suit nearly a month late, and since she has offered no grounds for equitable tolling of the limitations period,[1] her case should be **DISMISSED** as time-barred.

**SO REPORTED AND RECOMMENDED** this ___4th___ day of December, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The 90-day limitations requirement is not jurisdictional and is subject to equitable tolling and wavier. *See Suarez v. Little Havana Activities*, 721 F.2d 338, 340 (11th Cir. 1983) (tolling 90-day limitations period); *Roush v. Kartridge Pak Co.*, 838 F. Supp. 1328, 1332-34 (S.D. Iowa 1993) (thorough discussion of Supreme Court and Circuit precedent on this issue). Therefore, courts should generally refrain from dismissing a Title VII action *sua sponte* on the basis of untimeliness. However, where the untimeliness of an action is clear from the face of the complaint and the plaintiff has been granted leave to proceed *in forma pauperis*, the court may dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii), which directs a court to dismiss any action brought by an in forma pauperis plaintiff that "fails to state a claim on which relief may be granted." *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995) (affirming *sua sponte* dismissal of action filed after statute of limitations had expired); *Hill v. City of Montgomery*, 74 F. Supp. 2d 1169, 1170-71 (M.D. Ala. 1999) (adopting magistrate's recommendation of *sua sponte* dismissal based on statute of limitations).